Good morning, ladies and gentlemen. We're here to hear the case of Henslee v. Stewart. Counsel? Good morning, Your Honors. Tara Allen on behalf of Appellant Scott Henslee, and may it please the Court, I may be providing the Court with additional citations this morning depending on the content of oral argument. In this case, the Court granted a certificate of appealability on two issues. The first was whether the examining psychiatrist had a conflict of interest with the defendant due to his treating the victim. In regard to that issue, Dr. Schulte's first allegiance was to the victim in this case. He treated her prior to treating the defendant. Well, is it he treated her or someone from his clinic treated her? We don't know the answer to that. We would argue that a conflict is a conflict. So it conflicts the entire clinic, even if there are 100 doctors? Yes. Just like a law firm would be. Exactly. Just like a law firm or a public defender's office. What's your best case that that same principle applies to doctors or treating psychiatrists? I don't have a case on that. This is it, huh? Right. The Chinese law theory has been rejected in those arguments in law firms, and I would argue that the same theory applies to the medical profession as it would to the law profession. Assuming that there is a conflict, where's the harm? What evidence do you have that Mr. Hensley was prejudiced by the alleged conflict? That's an interesting question because there's two prongs to it. Dr. Schulte's report, it involved facts that were minimally relevant to the criminal case, yet profoundly relevant to the civil case. And I'll give you some examples of those facts so that you know what I mean. And, for example, in his report, he talked about the fact that the car used in the accident was bought by family funds, used from the wife's inheritance. Now, these add that the wife was the sole source of support for the defendant during the marriage, and during the marriage, the defendant was addicted to drugs. Now, these facts have nothing to do with his purported purpose in writing the report, which was to clarify a diagnosis and the effect incarceration would have on his ability to survive it. That was his purpose. But yet he adds these facts in about the wife's inheritance, the fact that he bought the car that was used in the accident with family funds, the fact that she was on notice that he was addicted to drugs, and that she was his sole source of support. That's important in the civil case because if they can prove negligence, they can attach her inheritance. And, interestingly, the victim, who also spoke at the sentencing in regard to restitution and sentencing, brought up almost the exact same thing. She said even Mrs. Hemsley knew. Excuse me. This is a really interesting theory. I have to confess this is a new twist. As I understand the law of conflict as it relates to attorneys, the prejudice that has to be shown is the prejudice to the client in the case that is pending before us on appeal. And I'm not sure how we would address, in a habeas corpus case, the prejudice that you are alleging in the related or collateral civil litigation. And I guess I would ask you again, do you have some case law that says that this is a recognizable conflict that we can afford relief on in a habeas case? This is a very unusual case. I would agree with that. And I would say – Unusual theory, I guess. Correct. All right. The prejudice – Your answer really relates more to showing that there was a conflict. The question is assuming there's a conflict. In the habeas case, you say that the harm to you has to be that your client might have been declared incompetent had all gone well, had there been no conflict. But what is there to support a claim that in the absence of this conflict, your client might have been declared incompetent? That was where I was going next, is had there not been a conflict, Dr. Schulte's report may have determined that he was incompetent to enter the plea, and it could have been a much stronger report. Had he been incompetent to enter the plea – Isn't that all speculative? Don't we need something? One of the prongs, let's assume the same test applies, that applies to counsel. The second prong is that the conflict has to have resulted in prejudice. And in order to show the prejudice, there has to be some showing that the result would have been different. Well, the prejudice was he was sentenced to 10 years. No, no. The prejudice has to be to show that had there not been a conflict, there could have been a showing of incompetence. Dr. Schulte had no incentive to find the defendant incompetent based on his conflict of interest. Had he not had a conflict and he found the defendant incompetent, the case would have been entirely different. So therefore, the evidence would have changed. What is the evidence that he was incompetent? I'm sorry, Your Honor. What is the evidence that he was incompetent? Well, in the report itself, you look at just some of the things that Dr. Schulte cited to when he was trying to keep the defendant out of prison, which was that he had persisting hallucinations, he heard voices, paranoid ideation. He was – his judgment was poor and he had minimal insight, which one of the things that you need to be competent is the ability to make reasoned choices among the alternatives given to you. The report twice says that he has poor judgment. He was unable to recall objects, three simple objects shortly after noticing them. He could not spell the word world backwards, and even when explained to him that he couldn't do it and why, he didn't understand. So there were things in that report that were red flags, that a court had a sui sponte duty to have a good faith belief that maybe he wasn't competent and there should have been a hearing. Your argument that really that had there not been a conflict, the report could have been written more strongly? Yes. I think all of these factors were things that he minimally needed to put in to support his recommendation that the defendant could not survive prison. Wouldn't your case be stronger if the – to establish prejudice if the report had recommended he's fine, he'll do okay in prison? But he was – It wouldn't be a problem. It would have been. However, he was hired. It doesn't say that. The problem with your theory is that the evidence points the other way. The evidence helps Mr. Hensley in his argument that he shouldn't be incarcerated. I think it helps him that he shouldn't be incarcerated, but it doesn't help him in regard to competency, which is where the conflict comes in and the prejudice is shown. Does that make sense? Well, I guess the argument has to be that based upon the symptoms that you just articulated, that no reasonable psychiatrist applying whatever the contemporary community medical standard is for treatment of this type of illness would have concluded based upon those symptoms that this guy was competent to enter a plea. But I'm not even sure that that's what the psychiatrist was asked to do. I thought the psychiatrist was engaged by the defense lawyer to address whether or not his client could withstand prolonged incarceration. That's exactly right. Well, if the psychiatrist wasn't engaged to render an opinion on competency, as we sometimes do in federal court when we order competency hearings, that makes it a little harder for you to demonstrate prejudice, doesn't it? See, that doesn't change the fact that you have a psychiatrist with a conflict of interest that submits a support. Conflict of interest on what, though? I mean, if he was not hired to do that particular aspect of the case, doesn't that make it more difficult to establish prejudice? We're arguing that the trial court should have suus mante ordered a competency hearing because it should have had a good faith belief that there was an issue as to competency after reading Dr. Schulte's report. Wasn't that claim exhausted in the record? The competency claim was exhausted because it was raised in the first PCR, it was not stricken by the court, and the court issued a decision on the merits. It was raised in the petition for review from that PCR and there's a sellout now. The state trial court judge had a suus mante duty to order a competency report. What was the beginning? Evaluation. Pardon? Where in the petition is the claim that you just said that you're arguing or your contention is that the state trial court judge had a suus mante obligation to order a medical evaluation to determine his competency? The competency claim was drafted in such a way that the allegations were that the petitioner was incompetent to enter the plea. He did not enter the plea voluntarily. That's a little bit different than saying the trial court judge had a suus mante obligation on his own, his or her own, to order. It is, but that's the law. Okay. All right. Okay. So is that claim, was it stated as a Federal claim, the competency claim? The competency claim was raised in the 2254 petition in district court. No, no. I mean, in the state courts, was it raised as a Federal claim, a violation of the Constitution? Yes. The defendant alleged in proper that his due process rights were violated because his plea was not intelligently and voluntarily given, and he was not confident to plead guilty. And that claim, you say, was exhausted? Yes. And you say it was not a claim that the state court said was procedurally bored because it wasn't raised in the first petition? I have not found that. There is a section of the Respondent's Brief which cites to the minute order of August 13th, 1998, saying that the court dismissed claims not raised in the petition, but that minute order does not say that. So I'm not sure. I have not seen a minute order that precludes that claim. The minute order that I have denying the first petition for PCR says that there was a sufficient factual basis for the plea. The defendant's petition raises no material issue of fact or law, which would entitle him to relief. Nowhere in that order does it strike or preclude the competency claim. All right. Well, maybe we'll hear from your opponent. Will, do you want to save your last two minutes? Yes, please. Oh, it's not your two minutes over. Oh. Well, we'll give you the two minutes back maybe. Okay. Thank you. Go ahead. Good morning. May it please the Court. I'm Donna Lamb from the Arizona Attorney General's Office representing the State this morning. And I would like to immediately go to the conflict claim as well. First, it was not exhausted in the State courts because it was brought in a reply brief. And under Arizona law, that is not a The conflict claim or the competency claim? I'm sorry. Well, the way the competency claim was brought in Federal court, it was amended The competency claim was amended to include the conflict claim. So it can be The conflict claim wasn't brought until the sixth petition. Correct. Because the allegation is that the defendant didn't learn of the conflict until shortly before the sixth petition. Well, this is not actually newly discovered evidence because even though he didn't learn of it, that doesn't render it newly discovered. Okay. It could have been discovered at the time that the defense attorney was engaging this doctor. And the strongest argument for the State is that this doctor was engaged by the defense. The defense was in the best position to determine whether there was a conflict would have been very easily done. Okay. Well, you really get into the merits. Let's try to separate them and let's try to clear up the procedural problem. We spend most of our lives these days trying to Yes, I do know that. Determine whether we can get to the case. So let's try to separate completely out from the competency claim, then arguably it could be exhausted simply because the State court, although it found that it was precluded because it was not timely and it was not newly discovered, did go to the merits and say that it was meritless. Actually, that is permitted in the alternative, but the State court did find that it was not timely and it was not newly discovered evidence. That alone would preclude it. This is the sixth. This is the sixth. Right, the court in the sixth. And they found on the merits that it was not newly discovered and therefore it was not timely. It simply said it was not timely and it was not newly discovered evidence that would allow the court to consider it as a non-precluded claim. Okay. But on to the merits of that conflict. Well, what about, let's just start out with the pure competency that was originally raised. Now, I also understood, as defense counsel did, that your claim on that was that the State court said that because it was raised in a reply to a petition, it was procedurally barred. That's correct. Under Castile v. Peoples. Counsel said she couldn't find that in the State court order. Do you have that order? Find the reply brief? No, no. The State court order. I was frantically looking for that when she said she couldn't find it, and apparently I left it in my hotel room. I can provide the court with that order if I have not already done so. I have to tell you, on that, if the claim is by a pro per that he was incompetent at the time of the plea, and shortly after the plea, he files a petition, and then in his reply brief says, I didn't raise the fact that I'm not competent to be tried, doesn't the claimed lack of competency, isn't that a sufficient reason not to bar the claim? Well, actually, the State moved to strike that. I know. And the court did strike it. Well, that's what we're trying to find out. Yes, the court did strike it, and I may have not. How can you strike a claim that I'm incompetent for not filing it two weeks earlier if you're not competent at all? Suppose he really wasn't competent. I'm sorry? Suppose he really was not competent. Well, of course, the State maintains that that's not the case. I know, but they weren't barring it on the merits. They were barring a claim because a person who says I'm not competent to be tried didn't properly file a habeas or a post-trial petition. Doesn't that seem to be something, even for the way we view habeas law these days, a little ungenerous? I'll concede perhaps that's true, because a competency does go to the integrity of the entire proceedings. In this case, however, there was no indication that this defendant was incompetent. No, no. If you want to reach the merits, that's fine. Right. We're talking about whether it's proceeding. I'm perfectly prepared to discuss the merits. Okay. Let's discuss the merits. Okay. The test is whether or not the trial court had a bona fide doubt about the defendant's competency. Right. And in this case, we're talking about a procedural due process if we're, as the defense is asking, that the court should have had a sua sponde competency hearing. In that case, the only evidence that the court can consider for the procedural due process claim is the evidence that was before the court at the time. The only thing that was before the court in the way of a medical was Dr. Schulte's report, which expressed apparently he had expressed that it was competent to the defense attorney. The defense attorney's opinion, which is considered by the courts to be highly probative if he does not urge the court that his client is incompetent. So and his demeanor, that is not alone sufficient, but combined with a medical report and the counsel's assurance that he was competent, this should have been sufficient. There was nothing to trigger the trial court's belief that there was a bona fide reason to have a competency exam. And absent that, there can't be a procedural due process violation. And the conflict, this leads right to the conflict because the defense was in the position and could have easily determined whether there was any conflict with this doctor. And I would also like to point out that there is a very big difference between the attorney-client conflict cases where there's a very stringent examination of the possibility of prejudice in terms of confidences or fiduciary responsibility. But when it comes to expert witnesses, first of all, there is no Arizona, I mean, United States Supreme Court case that says they cannot have a conflict-free expert witness. And there's a difference between the roles of a client-attorney relationship and an expert witness because the expert is there to give information, to provide opinions. He's not an advocate to the proceedings. And I have given the court, as a matter of fact, supplemental authority on that very issue. If you would like to have it now, I'd be happy to give it to you. It is Hewlett-Packard v. E&C Corp., and I provided the citation. It doesn't sound like a criminal case. I'm sorry. No, it's not. But there is no. I was unable to find, frankly, a criminal case that found a conflict of interest with the expert witness. I gather the doctor was privately retained. That's correct. Would it make a difference if the court had appointed the doctor? I believe it would. Had the court appointed the doctor to conduct the findings? Certainly, because then the court would have had some basis for inquiring into that conflict. And as it stands, the court, in fact, it's quite likely, as you know, the court may not have even been aware that the doctor had been retained until he received the report. So neither the court nor the State had any way of checking to see whether there was a conflict. So certainly it shouldn't be held as error. Do you say that the doctor's report that shows the brain damage is not sufficient in itself? That's correct, Your Honor. Give rise to a sui sponde duty to or raise a question as to competency? Under Arizona law, it is not sufficient to make a presumption of incompetence, and there again, unless the court who is seeing this defendant and interacting with his counsel has a bona fide belief that he is, in fact, incompetent. There is no due process requirement to hold a hearing on that. Is the Arizona standard the same as the Federal standard? Actually, I believe it is. It may not be worded in exactly the same way, but the competency has to permit the defendant to make reasoned choices and to voluntarily and intelligently waive constitutional rights. And this is the same standard that the trial court uses. The standard is to when the court is obligated to conduct a competency hearing. Is that the same standard in Arizona? Yes. Well, in Federal cases, it is a bona fide doubt, and that encompasses everything that is before the court, not limited, but including his behavior, medical reports. And I suppose I have not seen anything that would be in conflict with the Arizona standard. All right. Thank you, counsel. I'm running out of time. You've run. Sorry? You've run out of time. Oh, well, I'm sorry. Are there any questions? Thank you very much. Thank you. Could you explain one thing? I'm just curious. I don't quite understand the conflict here. I mean, I understand the facts of the conflict, but why is it that you think the doctor would want to write a favorable report to keep the client out of jail but not want to give a report that showed that he was incompetent? How does that help in the civil case? The defendant being incompetent does not serve the doctor's interests. If he's found incompetent, then presumably he'll be in a mental facility incarcerated just as if he'd be in prison. So those two, the reason he wants to keep him out of prison is the same reason why he'd want him to be found competent. Which is what? He would be incarcerated if he were in prison. He would be incarcerated if he were found incompetent. If he's incarcerated, he's not as likely to be able to pay the restitution or the civil judgment. I thought the money came from the wife, I thought. They're trying to get it from the wife in the civil suit. We don't know whether they're going to be successful in that by proving negligence. The doctor thought if he was out on the street, he would be earning large sums of money? More money than he'd be making in prison or in a mental facility. That's the theory. That's what I was trying to find. That's right. If the doctor wanted him out on the street so that he would be able to earn money, that the victim could recover. That's a possibility from the conflict, yes. He would have more opportunity to raise the money to pay the restitution or the civil judgment if he were out versus in. Okay. I understand that. That's correct. Just briefly on the procedural issues, the conflict of interest was decided on the merits after the 6th PCR. The competency issue was decided on the merits in the minute order of August 13th, 1998. After the 6th PCR, I couldn't tell, but was it taken to the State Supreme Court? I couldn't find a record of that. There was a petition for rehearing filed. I couldn't find a petition for review in the record on appeal. However, the district court could have sua sponte considered the procedural default. They decided to consider the case on the merits anyway. They declined to do so. Not to mention that the plaintiff waived that issue by not filing in their first answer the procedural default issue. And I would argue that the presumption of incompetence is different from the duty to conduct a hearing. There doesn't need to be a presumption of incompetence for there to be a good faith belief to an issue as to the competency. Okay. Thank you. I think we've exhausted your time. Thank you both very much. The case disargued will be submitted.
judges: Reinhardt, Paez, Tallman